UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE DANIEL ARELLANO,        ) Case No. CV 10-3505-PA(RC)
                              )
          Petitioner.         )
                              ) OPINION AND ORDER
                              ) AND ORDER DENYING
                              ) CERTIFICATE OF APPEALABILITY
_____)

On May 11, 2010, petitioner Daniel Arellano, a person in state custody proceeding pro se, filed a document seeking "an extension on the deadline for my appeal [sic] in the federal court's [sic][,]" and stating: "I haven't had a chance to file my federal petition because I've been constantly moved to and from prison to prison and have not had access to all my legal paper work." **However, petitioner has not filed an actual habeas corpus petition setting forth his claims and the facts supporting his claims,** and petitioner provides no information regarding the court in which his conviction took place, nor the date or nature of his conviction or sentence, and whether he appealed his conviction or otherwise attacked it.  Without this information, the Court cannot determine whether it has venue, whether petitioner has exhausted his state court remedies, and whether a federal habeas petition would be timely.

**DISCUSSION**

Rule 1 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rules") provides that the Rules "govern a petition for a writ of habeas corpus" filed under 28 U.S.C. § 2254 by a person in custody pursuant to a judgment of a state court. 28 foll. U.S.C. § 2254, Rule 1. Rule 2(c) requires that the petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

28 foll. U.S.C. § 2254, Rule 2(c). Rule 2(d) requires that the petition "must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." 28 foll. U.S.C. § 2254, Rule 2(d). This district court, in Local Rule 83-16.1, has prescribed a habeas corpus petition form, which it makes "available to petitioners without charge." Id.

Here, petitioner, by failing to file an actual petition for writ of habeas corpus on the prescribed form, failing to set forth his claims and provide the facts supporting his claims, and failing to provide pertinent information, has not complied with Rule 2. Thus, this action is subject to summary dismissal under Rule 4 and Local

2

Rule 72-3.2. Specifically, Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 foll. U.S.C. § 2254, Rule 4. Local Rule 72-3.2 similarly provides that "the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Rule 72-3.2. Since petitioner has not complied with the Rules, the instant action should be summarily dismissed without prejudice.

This Court finds an appeal would not be taken in good faith, and that petitioner has not made a substantial showing that he has been denied a constitutional right and that this Court is not correct in its procedural ruling, for the reasons set forth herein; thus, a certificate of appealability should not issue under 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b). Slack v. McDaniel, 529 U.S. 473, 483, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000); Mayfield v. Calderon, 229 F.3d 839, 900 (9th Cir. 2000).

**ORDER**

IT IS ORDERED that Judgment shall be entered summarily dismissing this action for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that a Certificate of Appealability be DENIED.

//
//


The Clerk of Court is ordered to serve this Opinion and Order on petitioner and also shall provide petitioner with a form habeas corpus petition under 28 U.S.C. § 2254.

DATE: May 13, 2010

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE:  May 12, 2010

/S/ ROSALYN M. CHAPMAN
      ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&R-MDO\10-3505.mdo
5/12/10

4